# In the United States Court of Federal Claims

No. 25-603L
Filed: April 8, 2025
NOT FOR PUBLICATION

**BARBARA ANN JOHNSON,**

      *Plaintiff,*

v.

**UNITED STATES,**

      *Defendant.*

**ORDER**

The plaintiff, proceeding *pro se*, filed this action on April 4, 2025. The complaint was docketed on April 8, 2025. The plaintiff contemporaneously filed a motion for leave to proceed *in forma pauperis*.[1]

The complaint fails to identify a non-frivolous basis for Tucker Act jurisdiction over the plaintiff's claims and is dismissed pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").

Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis" for the court to take that action. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006). At this stage of the case, all the plaintiff's nonfrivolous factual allegations are assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The plaintiff is proceeding *pro se*. As a result, her complaint is given a more liberal construction than it would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Notwithstanding this liberal construction, a *pro se* plaintiff must still

---

[1] Based on the information contained in the plaintiff's motion, the plaintiff is eligible to proceed *in forma pauperis*, and the plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**.

demonstrate that the complaint satisfies the jurisdictional limits on the Court of Federal Claims. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The plaintiff alleges that she has been unlawfully evicted from her home through an illegal taking perpetrated by an individual and supported by a decision from a local court and the acts of constables from Bexar County, Texas. She alleges that some of these entities are federally funded. She also alleges that she has emailed complaints about the illegal activity to various federal courts, but none has assisted her.

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act waives the sovereign immunity of the federal government to allow jurisdiction in the Court of Federal Claims if a claim is founded on an express or implied contract with the United States, seeks a refund from a prior payment made to the [United States], or is based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained, unless arising from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). For a claim of a violation of law, the plaintiff must identify a money-mandating source of law in addition to asserting jurisdiction under the Tucker Act. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *United States v. Mitchell*, 463 U.S. 206, 216 (1983).

Under the Tucker Act, the Court of Federal Claims does not have jurisdiction over any defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [predecessor to the Court of Federal Claims]"). The complaint here alleges illegal activity only by non-federal persons and entities. The complaint alleges a private individual lodged a false deed against the plaintiff's residence. The complaint also alleges a local court and local officials have effectuated her eviction, resulting in a taking. These claims against non-federal entities cannot support jurisdiction in this court. Accordingly, the court lacks jurisdiction over the plaintiff's claim, and the complaint must be dismissed. RCFC 12(b)(1) and 12(h)(3).

The complaint may be read to assert a claim that federal courts have ignored the plaintiff's complaints. The plaintiff alleges that she has emailed complaints about illegal and unconstitutional behavior to various legal forums, including federal courts, but that the filings have not been docketed or recognized. The Court of Federal Claims lacks jurisdiction to review

the actions of other federal courts.  *See Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015); *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001).

Before dismissing a complaint for lack of jurisdiction, 28 U.S.C. § 1631 requires consideration of whether to transfer the case to a federal court that could properly exercise jurisdiction.  The complaint is not facially plausible, so transfer to another federal court is not in the interest of justice.

The complaint fails to allege any a claim against a federal entity.  The complaint is therefore not within the jurisdiction of the Court of Federal Claims and is, accordingly, **DISMISSED** without prejudice pursuant to RCFC 12(b)(1) and 12(h)(3).  The Clerk is **DIRECTED** to enter judgment accordingly.  No costs are awarded.  The Court certifies that any appeal from this dismissal would not be taken in good faith.  28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**